# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES C. BRADLEY,**
**D.O.C. # 427878,**

    **Plaintiff,**

vs.                                                                  Case No.  4:21cv97-TKW-MAF

**OFFICER MR. COMMON,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case on February 16, 2021, by filing a civil rights complaint alleging that Plaintiff faced "imminent danger with serious physical injury." ECF No. 1 at 5. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 7, and after review of the initial complaint, ECF No. 1, Plaintiff was required to file an amended complaint. ECF No. 8. After review of Plaintiff's amended complaint, ECF No. 9, yet another Order was entered that directed Plaintiff to file a second amended complaint. ECF No. 11. In particular, Plaintiff has been advised repeatedly that he must honestly disclose his prior cases, submit factual

allegations and not conclusory statements, and he must state the facts in "simple, concise, and direct" terms rather than provide rambling and unintelligible assertions.

Plaintiff has now filed his second amended complaint. ECF No. 14. This version of Plaintiff's complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff has not fully required with the requirement to disclose his prior cases, despite being advised in several Orders that he must do so. ECF Nos. 8 at 2-3, 11 at 3-4. Question A of the complaint form asks whether Plaintiff has had a prior case "dismissed for a reason listed in § 1915(g) which counts as a 'strike'." ECF No. 14 at 9. Plaintiff has now answered "yes" instead of his previous answers of "no." *Id.* However, Plaintiff has refused to identify the cases as required and, instead, improperly listed "n/a" and "not applicable." That is obviously incorrect. In addition, Question C of the complaint form asks whether Plaintiff had "filed any other lawsuit in federal court" which challenged his conviction or otherwise related "to the conditions" of his confinement. *Id.* at 10. Once again, Plaintiff answered "yes," but when directed to identify all those

lawsuits, he again wrote "n/a" and "not applicable." *Id.* at 10.  Those statements are inconsistent.   Plaintiff was previously put on notice that if he again failed "to honestly disclose his prior litigation, this case will be dismissed as a sanction."  ECF No. 13.  He has willfully refused to do so and this case should be dismissed.

Moreover, there are other reasons that support dismissal of this complaint.  In addition to naming two prison officials as Defendants, Plaintiff has now also named another prisoner as a Defendant in this case.  ECF No. 14 at 3.  Plaintiff claims he was attacked by the other prisoner, *id.* at 5, but there are two deficiencies with this addition.  First, Plaintiff cannot proceed with a claim against another prisoner because an inmate is not a "state actor."   To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  <u>Emory v. Peeler</u>, 756 F.2d 1547, 1554 (11th Cir. 1985).  Another prisoner does not act under color of state law and, thus, Plaintiff's claims against the other inmate are insufficient as a matter of law.

Second, Plaintiff's claim against the other prisoner is based on an altercation which occurred on March 20, 2021. ECF No. 14 at 5. This case, however, was filed in February 2021. See ECF No. 1. Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a § 1983 action concerning the conditions of his confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is a mandatory, pre-condition to suit and there is no discretion to waive this requirement or provide continuances such that a prisoner can exhaust claims after filing. Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). Because the incident at issue occurred after case initiation, Plaintiff could not have exhausted administrative remedies concerning his claim against inmate Somrowal, the claim is necessarily unexhausted.

Moreover, although exhaustion is an affirmative defense, Jones v. Bock, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007), when it appears on the face of a complaint that the claim is unexhausted, dismissal is appropriate. Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir.

2007); Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted"). Plaintiff's claim against inmate Somrowal must be dismissed as unexhausted and for failure to state a claim under 42 U.S.C. § 1983.

    Plaintiff's claims against the two prison officials are also insufficient. Plaintiff provides no date for the incident, and contends only that Defendant Commons ran to an area and pushed Plaintiff to the ground along with another prisoner. ECF No. 14 at 5. His allegations suggest Defendant was responding to an altercation,[1] but Plaintiff has not

---

[1] The informal grievance submitted with Plaintiff's complaint also reveals that Officer Common grabbed the inmate who was attacking Plaintiff by hitting him in the head "with a lock." ECF No. 14 at 14. It appears that Officer Common separated the prisoners and protected Plaintiff from further assault.

Case No. 4:21cv97-TKW-MAF

adequately presented his claim against Defendant Commons.  He has not demonstrated that force was used that was either unnecessary or excessive.

Plaintiff also claimed that Defendant Mack and another prisoner allegedly falsified witness statements and Plaintiff was given a disciplinary report[2] for "battery or attempted battery on a staff member."  *Id.*  Plaintiff indicates the disciplinary report "was dismissed by mental health decision."  *Id.*

Although Plaintiff makes a conclusory assertion that he has been subjected to "brutality with physical abuse," he does not clearly stated who has abused him.  Further, Plaintiff contends his safety is threatened in the future, but Plaintiff also indicates that he is being released from prison in late April 2021.  *Id.* at 5-6.  Thus, Plaintiff has not provided factual allegations that demonstrate he faces injury in the future.  Moreover, because Plaintiff admittedly has three "strikes" under § 1915(g), he cannot pursue this case unless his complaint demonstrates with sufficient factual

---

[2] It is unclear what Defendant Mack or some other official issued the disciplinary report against Plaintiff.

Case No. 4:21cv97-TKW-MAF

allegations that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims in this case remain conclusory and insufficient to show that any Defendant who may be sued under § 1983 violated his constitutional rights. Plaintiff does not clearly state what any prison official did that caused him harm in the past or that will subject him to the threat of physical harm in the future. Accordingly, Plaintiff's second amended complaint should be dismissed for failure to state a claim.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 26, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.